**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **JACK BOUWKAMP,** | |
| **Plaintiff,** | **Case No.:** |
| **v.** | **JURY TRIAL DEMANDED** |
| **PIKE ELECTRIC, LLC, a Foreign Limited Liability Company,** | |
| **Defendant.** | |

## COMPLAINT

Plaintiff JACK BOUWKAMP ("Bouwkamp" or "Plaintiff") by and through undersigned counsel, brings this Complaint against the Defendant, PIKE ELECTRIC, LLC, a Limited Liability Company ("Defendant"), and states as follows:

## GENERAL JURISDICTION

1.      Plaintiff Bouwkamp is an individual over the age of 18 years old and is thus *sui juris*.

2.      Bouwkamp currently resides in Highlands County, Florida, and did at all times relevant to the allegations herein reside in Highlands County, Florida.

3.      Defendant Pike Electric, LLC is a foreign limited liability company authorized to do business in Florida.

## DIVERSITY JURISDICTION

4.      There is complete diversity of the Parties as Bouwkamp is in Florida and Defendant is based in North Carolina.

5.      This is an action for damages which exceed $75,000.00 exclusive of attorneys' fees, costs, and interest.

6.      Thus, the Court has diversity jurisdiction over the workers' compensation retaliation claim raised herein pursuant to 28 U.S.C. § 1332.

## VENUE

7.      Venue is proper in the United States District Court in and for the Middle District of Florida pursuant to 28 U.S.C. § 1391 as the events giving rise to the claims asserted herein occurred in this District.

8.      The Tampa Division is the proper division of the District Court pursuant to Middle District of Florida Local Rule 1.02(b)(4) as the events giving rise to the claims asserted herein occurred in Pinellas County, Florida.

## GENERAL ALLEGATIONS

9.      Bouwkamp was employed by Defendant from approximately December 27, 2016 to January 17, 2018.

10.      During that time, Bouwkamp performed well in Defendant's organization as a journeyman lineman.

11.      Bouwkamp was terminated from his employment with Defendant on or about January 17, 2018.

12.      As a result of Defendant's unlawful conduct, described *infra*, Bouwkamp has had to retain counsel to represent his rights, and, as such, is obligated to pay attorneys' fees and costs to the undersigned for legal services.

13.     Bouwkamp has completed all conditions precedent and/or administrative prerequisites for the claims herein, to the extent there are any such requirements.

### COUNT I (VIOLATION OF SECTION 440.205. FLORIDA STATUTES)

14.     Bouwkamp reaffirms and realleges paragraphs 1-13, above.

15.     The Defendant had 4 or more employees and was therefore required to, and actually did, carry workers' compensation insurance that applied to Bouwkamp during his employment.

16.     Bouwkamp was injured on-the-job on October 17, 2017.

17.     Jimmy Boatright ("Boatright") was the general foreman who supervised the worksite where Bouwkamp worked at the time Bouwkamp was injured.

18.     Boatright came to the scene of Bouwkamp's injury and was aware that Bouwkamp's injury occurred on-the-job.

19.     Bouwkamp went to the hospital at Boatright's insistence to treat his injury and reported the on-the-job injury to his superintendent, Ricky Barnes ("Barnes"), the same day of the injury.

20.      Upon information and belief, the staff at the hospital completed workers' compensation paperwork, including a First Report of Injury or Illness form.

21.     Bouwkamp was informed by hospital staff that the Defendant's workers' compensation carrier would contact him.

22.     Bouwkamp was provided with a doctor's note indicating that he needed to be out of work to recuperate for the remainder of the week.

23.     Despite the doctor's note excusing him from work, Barnes told Bouwkamp to return to work the next day, which he did.

24.     Bouwkamp was transferred from the Dundee, Florida, location to the St. Petersburg, Florida, location two weeks after his injury.

25.     Requiring Bouwkamp to travel to the St. Petersburg, Florida worksite created the kind of hardship that would cause the average, reasonable person to fear exercising his rights to seek workers' compensation benefits.

26.     In short, after Bouwkamp exercised his right to seek workers' compensation benefits, the Defendant transferred Bouwkamp to a less favorable position in Pinellas County, Florida, and then terminated him.

27.     Both the transfer and the termination were in retaliation for his valid claim or attempt to claim workers' compensation benefits.

28.     Accordingly, Defendant has violated section 440.205, *Florida Statutes*.

29.     As a direct and proximate result of Defendant's actions, Bouwkamp has suffered damages, including, but not limited to, lost wages and benefits, emotional and mental anguish, loss of the capacity for the enjoyment of life, and other compensatory damages.

30.     Bouwkamp has incurred costs as a result of Defendant's unlawful actions.

31.     Bouwkamp's losses are permanent and continuing and Bouwkamp will continue to suffer losses in the indefinite future.

WHEREFORE, Bouwkamp demands that the Court enter judgment against Defendant Pike Electric, LLC, and:

a.      Direct the Defendant to make Bouwkamp whole by providing him with appropriate back pay, front pay or reinstatement, lost earnings and employment benefits, with prejudgment interest, in amount to be proven at trial;

b.      Direct the Defendant to make Bouwkamp whole by providing him with compensation for non-pecuniary losses, including mental anguish, emotional pain and suffering, humiliation, inconvenience and loss of enjoyment of life in amounts to be proven at trial;

c.      Direct the Defendant to pay reasonable attorneys' fees and costs associated with prosecution of this lawsuit, to the extent the same would be permitted;

d.      Grant whatever additional damages or equitable relief the Court deems just and proper; and

e.      Interest on any amount awarded.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 19th day of November, 2019.

/s/ **Shaina Thorpe**
SHAINA THORPE
Florida Bar No. 0055464
Primary:  shaina@thorpelaw.net
Secondary: angel@thorpelaw.net
**THORPELAW, P.A.**
1228 East 7th Avenue, Suite 200
Tampa, Florida 33605
Telephone: (813) 400-0229
Fax: (813) 944-5223

*Counsel for Plaintiff Jack Bouwkamp*